**July 13, 2016**

<u>In re Sheri Speer</u>, No. 3:16-cv-311(RNC)

**ORDER**

    Bankruptcy debtor Sheri Speer, proceeding <u>pro se</u>, appeals from an order of the bankruptcy court denying a motion under Federal Rule of Civil Procedure 60(b) for relief from earlier orders denying a motion to quash a subpoena directed to non-party Liberty Bank and an order denying reconsideration of that decision.  Seaport Capital Partners, LLC ("Seaport"), the plaintiff in an adversary proceeding against Ms. Speer, issued the subpoena in order to obtain documents related to bank accounts held by Ms. Speer and several non-debtor limited liability companies in which she might have an interest.  The question on appeal is whether the bankruptcy court abused its discretion in concluding that Ms. Speer failed to establish extraordinary circumstances justifying relief.  <u>See</u> <u>Transaero, Inc. v. La Fuerza Aerea Boliviana</u>, 162 F.3d 724, 729 (2d Cir. 1998) (Rule 60(b) motions are reviewed for abuse of discretion).

    Ms. Speer argues that Seaport failed to provide her with notice before service of the subpoena and thus violated the advance notice requirement of Federal Rule of Civil Procedure 45(a)(4).  Seaport responds that because the subpoena related to a deposition, the reasonable notice requirement of Federal Rule of Civil Procedure 30(b)(1) applied.  The parties' dispute concerning the applicable standard need not be resolved because Ms. Speer has failed to show prejudice.  <u>See</u> <u>Zinter Handling, Inc. v. Gen. Elec. Co.</u>, No. 04CV500(GLS/DRH), 2006 WL 3359317, at *2 (N.D.N.Y. Nov. 16, 2006).  Ms. Speer contends that she was prejudiced because the failure to give her advance notice resulted in production of the documents.  Before the documents were produced, however, Ms. Speer challenged the subpoena by filing a motion to quash and, when that was denied, a motion for reconsideration.  As a result, her claim of prejudice is unavailing.  <u>See</u> <u>Malinowski v. Wall St. Source, Inc.</u>, No. 09 CIV 9592 JGK JLC, 2010 WL 4967474, at *2 (S.D.N.Y. Nov. 23, 2010) ("[T]he intent of the prior notice requirement has been effectuated because Plaintiff has filed his motion to quash."); <u>Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP</u>, No. 03 CIV. 5560(RMB)HBP, 2008 WL 4452134, at *3 (S.D.N.Y. Oct. 2, 2008) (no prejudice when litigant objected to subpoena and filed motion to quash); <u>Zinter</u>, 2006 WL 3359317, at *2 (no prejudice when "[n]otice of the subpoenas was given within one day after their service, affording . . . adequate time to state . . . objections and move to quash.").

Ms. Speer also argues that the subpoena is overly broad. This argument was raised in her original motion to quash and, it appears, in her motion for reconsideration. Thus, her Rule 60(b) motion sought to relitigate a matter already decided. Morever, given the scope of discovery permitted by Federal Rule of Civil Procedure 26, the bankruptcy court's denial of the motion to quash did not constitute error, much less clear error warranting relief under Rule 60(b).

Accordingly, the bankruptcy court's order is hereby affirmed. The Clerk may close the case.

So ordered.

                                            /s/ RNC
                                        Robert N. Chatigny
                                United States District Judge